# United States Court of Appeals for the Federal Circuit

---

**SUSAN G. ROY,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent,*

**and**

**DEPARTMENT OF JUSTICE,**
*Intervenor.*

---

2011-3107

---

Petition for review of the Merit Systems Protection Board in case no. NY0752100199-I-1.

---

Decided: March 15, 2012

---

THOMAS G. ROTH, of Mountain Lakes, New Jersey, argued for petitioner.

CALVIN M. MORROW, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief were

JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

MICHAEL P. GOODMAN, Trial Attorney, Civil Division, United States Department of Justice, of Washington, DC, argued for intervenor. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

---

Before LOURIE, DYK, and PROST, *Circuit Judges*.

PROST, *Circuit Judge*.

Susan G. Roy appeals the decision of the Merit Systems Protection Board ("Board"), dismissing her appeal for lack of jurisdiction. Because we agree with the Board that Ms. Roy is not an "employee" under 5 U.S.C. § 7511(a)(1)(C)(ii), we affirm.

## BACKGROUND

The relevant facts are undisputed. From January 2, 2000, until March 1, 2008, Ms. Roy worked in a permanent position as an attorney in the Department of Homeland Security ("DHS")[1]. From March 2, 2008, until November 8, 2008, she served in an excepted temporary appointment as an Immigration Judge in the Department of Justice ("DOJ"). The temporary appointment was for a period not to exceed eighteen months and was meant to allow for the completion of Ms. Roy's background investigation. Upon the completion of the background investiga-

---

[1] Ms. Roy was originally employed with the Immigration and Naturalization Service, which later became part of the DHS.

tion, on November 9, 2008, Ms. Roy started a permanent excepted appointment as an Immigration Judge in the DOJ. On April 23, 2010, the DOJ terminated Ms. Roy's appointment based on alleged misconduct.

Ms. Roy appealed the termination of her employment to the Board, invoking 5 U.S.C. § 7511(a)(1)(C)(ii) as the source of the Board's jurisdiction. The administrative judge determined, however, that Ms. Roy was not an "employee" under § 7511(a)(1)(C)(ii) and could not assert a right to appeal pursuant to it. The administrative judge thus dismissed Ms. Roy's appeal for lack of jurisdiction. Ms. Roy petitioned the Board for review of the administrative judge's decision. The Board denied Ms. Roy's petition for review, rendering the administrative judge's initial decision the final decision of the Board. This appeal followed. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

## DISCUSSION

The only question presented on appeal is whether the Board correctly determined that it lacked jurisdiction to entertain Ms. Roy's appeal. That is a legal determination, which we review de novo. *See Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995). The Board's appellate jurisdiction is defined in 5 U.S.C. § 7701. Section 7701 provides,

> An *employee*, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation.

5 U.S.C. § 7701(a) (emphasis added). The term "employee" is expressly defined in 5 U.S.C. § 7511. Thus, our

jurisdictional inquiry is limited to whether the Board correctly determined that Ms. Roy is not an "employee" under § 7511. We hold that it did.

Section 7511 defines various classes of employees, but Ms. Roy only contends that she is an employee under § 7511(a)(1)(C)(ii). Subsection (C)(ii) covers an individual in the excepted service who is not preference eligible and

> who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less.

*Id.* § 7511(a)(1)(C)(ii). There is no dispute that at the time of removal, Ms. Roy served in an excepted service and was not preference eligible. 5 U.S.C. §§ 2102 (competitive service); 2103 (excepted service); & 2108(3) (preference eligible). The only question is whether Ms. Roy can satisfy the "current continuous service" requirement of 5 U.S.C. § 7511(a)(1)(C)(ii). We hold that she cannot.

Section 7511(a)(1)(C)(ii) unambiguously states that the individual must have "2 years of *current continuous* service in the same or similar positions . . . *other than a temporary appointment* limited to 2 years or less." *Id.* § 7511(a)(1)(C)(ii) (emphases added). Two phrases in the text of the statute are important to our analysis: "current continuous" and "other than a temporary appointment." *Id.* The word "current" indicates that the removal date is the key date for determining whether the continuity requirement is satisfied. The word "continuous" indicates that there cannot be a break in service. Thus, the phrase "current continuous" indicates that in order to determine the continuity requirement, we must look at the individual's employment at the time of removal and determine

whether there has been a break in service during the two years that immediately precede the removal date. Moreover, the phrase "other than a temporary appointment" indicates that temporary appointments (limited to two years or less) do not count toward the two-year current continuous service requirement. Because at the time of removal, Ms. Roy had served less than two years in a *permanent* position, she is not an employee as § 7511(a)(1)(C)(ii) defines that term.

Ms. Roy, however, reads the statute differently. She contends that she may satisfy the current continuous service requirement by tacking two periods of service in the same or similar permanent positions even though they are separated by a period of temporary appointment, so long as her employment in general was uninterrupted. [2] We disagree. Although Ms. Roy does not state it expressly, her reading of the statute would divide the two-year current continuous requirement into two components, one that can be satisfied by two years of continuous service in either permanent or temporary positions, and another that can be satisfied by a total of two years of service in the same or similar permanent positions. In other words, Ms. Roy suggests that there is a two-year continuity requirement and a two-year permanent service requirement, but that the two requirements may be satisfied independently. The problem is that the statute uses the term "2 years" only once, followed by the phrase "of current continuous service . . . other than a temporary appointment." This language leaves no room to doubt that the two-year continuity requirement must be satis-

---

[2] The administrative judge did not determine whether Ms. Roy's positions as attorney and immigration judge are "same or similar" under § 7511(a)(1)(C)(ii). For the purpose of this appeal, we must assume that they are.

fied by service in the same or similar *permanent* positions. That is, prior intervals of permanent service that are separated from service at the time of removal by a period of temporary service do not count toward the two-year requirement, even if there is no break in service when one considers both temporary and permanent positions. Therefore, as we already explained, Ms. Roy cannot meet the two-year current continuous service requirement of § 7511(a)(1)(C)(ii).

The three cases that Ms. Roy relies on do not advance her argument. In *Forest v. Merit Systems Protection Board*, 47 F.3d at 411, we held that the appellant was *not* an employee under § 7511(a)(1)(C)(ii) because he had served less than two years in a permanent position. *Forest* did not address the issue presented here because the appellant in that case had not served two years in the same or similar permanent positions, even in the aggregate. *See id.* at 410. Nor do we see any basis for Ms. Roy's reliance on *Van Wersch v. Department of Health and Human Services*, 197 F.3d 1144, 1151 (Fed. Cir. 1999). The issue in *Van Wersch* was whether the right to appeal under § 7511(a)(1)(C)(ii) is an alternative to the right to appeal under § 7511(a)(1)(C)(i), or whether an individual who does not meet the requirements of § 7511(a)(1)(C)(i) is necessarily precluded from appealing under subsection (C)(ii) as well. In holding that the two subsections are mere alternatives, we said nothing about how the requirement of subsection (C)(ii) should be satisfied; indeed, "it [was] undisputed that Ms. Van Wersch me[t] [those] requirements." *Id.* Therefore, *Van Wersch* cannot guide the interpretation of the requirements of § 7511(a)(1)(C)(ii). Finally, Ms. Roy's reliance on *Carrow v. Merit Systems Protection Board*, 564 F.3d 1359 (Fed. Cir. 2009) ("*Carrow I*"), is also unpersuasive. *Carrow I* addressed the involuntary waiver of appellate rights, not

whether the requirements of § 7511(a)(1)(C)(ii) were actually met. *Id.* at 1366-67. Moreover, *Carrow I* remanded the case to the Board for further proceedings, *id.* at 1367, and in a subsequent appeal we determined that the Board indeed lacked jurisdiction. *See Carrow v. Merit Sys. Prot. Bd.*, 626 F.3d 1348, 1354 (Fed. Cir. 2010) ("*Carrow II*"). Therefore, to the extent that *Carrow I* and *Carrow II* have any application here, they do not support Ms. Roy's argument—they undermine it.

In sum, we hold that in order to be an employee within 5 U.S.C. § 7511(a)(1)(C)(ii), the individual must have served continuously for at least two years in the same or similar permanent positions. Specifically, we hold that the text of subsection (C)(ii) is clear and requires that the continuity requirement apply to permanent service, not employment in general. Because Ms. Roy had served for less than two years in a permanent position at the time of her removal, she is not an employee within § 7511(a)(1)(C)(ii). Thus, the Board correctly declined to exercise jurisdiction over Ms. Roy's appeal.

CONCLUSION

We affirm the Board's dismissal of Ms. Roy's appeal for lack of jurisdiction.

**AFFIRMED**