NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHYLLIS ARCHER,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2012-3032

---

Petition for review of the Merit Systems Protection Board in Case No. DC0752110337-I-1.

---

Decided: August 3, 2012

---

PHYLLIS ARCHER, of Washington, DC, pro se.

MICHAEL A. CARNEY, General Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before  NEWMAN, CLEVENGER, and WALLACH, *Circuit Judges.*

NEWMAN, *Circuit Judge.*

Ms. Phyllis Archer petitions for review of the decision of the Merit Systems Protection Board, dismissing her appeal for lack of jurisdiction.  Because Ms. Archer's position is statutorily excluded from MSPB jurisdiction, we affirm.

## BACKGROUND

On September 27, 2003 Ms. Archer was appointed to a temporary position with the Federal Emergency Management Agency (FEMA), pursuant to the Disaster Relief and Emergency Assistance Act (the Stafford Act), 42 U.S.C. § 5121 *et seq.*  By its terms, this appointment was not to extend after January 25, 2004.  Ms. Archer signed a hire letter, which stated the understanding that her employment was intermittent and temporary, and that she could be terminated at any time, without reason or cause.

From January 24, 2004 through February 4, 2007 Ms. Archer occupied a series of temporary Stafford Act positions.  On February 4, 2007 she was appointed to a Service Program Analyst position in the Logistics Directorate for a term not to exceed 2 years, under the provisions of the Stafford Act.  On July 11, 2008, she was given notice of termination, effective August 15, 2008, on the charge that she failed to make timely payments on a government-issued charge card.

The record contains an SF-50 form for Ms. Archer which states her resignation as of August 15, 2008.  Ms. Archer does not deny having resigned, but states that her intent was to resign from the FEMA Logistics Directorate only, because she believed that she would be assigned to a

permanent full-time position in a different Directorate. She states that she did not learn of this SF-50 record until June 2010.

Ms. Archer appealed her termination to the MSPB on January 27, 2011. The Administrative Judge (AJ) dismissed the appeal, stating that Stafford Act employees do not have the right of appeal to the Board, citing 5 C.F.R. § 752.401(d)(12) ("This subpart does not apply to... [a]n employee whose agency or position has been excluded from the appointing provisions of title 5, United States Code, by separate statutory authority in the absence of any provision to place the employee within the coverage of chapter 75 of title 5, United States Code.").

The AJ recognized that the resignation was involuntary, and responded to Ms. Archer's discrimination claim, stating that when the Board lacks jurisdiction over the underlying termination, it does not have jurisdiction to consider a discrimination claim.

Ms. Archer appeals, arguing that the MSPB did not take into account facts regarding her termination, that it failed to consider important grounds for relief, and that it applied the wrong law in denying its jurisdiction.

DISCUSSION

Whether the Board correctly determined its jurisdiction is a question of law, and receives plenary review. *Roy v. Merit Sys. Prot. Bd.*, 672 F.3d 1378, 1380 (Fed. Cir. 2012).

The Stafford Act is directed to FEMA "special measures" in the face of disaster. 42 U.S.C. § 5149(b)(1) authorizes the FEMA "to appoint and fix the compensation of such temporary personnel as may be necessary, without regard to the provisions of title 5, United States Code, governing appointments in competitive service." Al-

though it has been proposed to bring FEMA employees within title 5, this has not been done, presumably in recognition of the unpredictable demands of disasters.

Ms. Archer states that she did not resign from the agency, but only from one directorate, in order to take a full-time position in another directorate. The record contains no evidence of such arrangement. The Board correctly held that it by statute it has no jurisdiction to receive this appeal. Absent jurisdiction of the personnel action, the Board has no authority to consider her discrimination claim. *Schmittling v. Department of the Army*, 219 F.3d 1332, 1337 (2000). The case was correctly dismissed.

No costs.

## AFFIRMED