# United States Court of Appeals for the Federal Circuit

---

**AMY J. MITCHELL,**
*Petitioner,*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3056

---

Petition for review of the Merit Systems Protection Board in No. DA0752110601-I-1.

---

Decided: January 15, 2014

---

KRISTINA CAGGIANO, Duane Morris LLP, of Washington, DC, argued for petitioner. With her on the brief was MATTHEW C. MOUSLEY, of Philadelphia, Pennsylvania.

MICHAEL A. CARNEY, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With him on the brief was BRYAN G. POLISUK, General Counsel.

---

Before PROST, REYNA, and TARANTO, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* TARANTO.

Dissenting opinion filed by *Circuit Judge* PROST.

TARANTO, *Circuit Judge*.

This case involves a jurisdictional limit on the authority of the Merit Systems Protection Board to review an agency's removal of a worker from her job. In late 2008, the Department of Justice hired Amy Mitchell as an Assistant United States Attorney. She began working while the required background investigation took place. When the investigation concluded about seven months later, the Department issued Ms. Mitchell a form stating that her appointment was subject to a two-year trial period beginning August 2, 2009. The Department fired her effective July 29, 2011, a few days before the two-year period ended. She appealed her removal to the Board.

The Board may hear Ms. Mitchell's appeal only if she was an "employee" as an Assistant United States Attorney. The statute defines "employee" as someone "who has completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C)(ii). Ms. Mitchell was an employee under that definition if the time during which her background check was pending counted toward the required "2 years of current continuous service." The Board concluded that it did not, on the ground that Ms. Mitchell's service as an Assistant United States Attorney before August 2, 2009, was under a "temporary appointment," not "under other than a temporary appointment." The Board dismissed the appeal. We reverse and remand for further proceedings.

## BACKGROUND

Ms. Mitchell began working as a government attorney in 1998, when she became a lawyer for the Social Security Administration. In 2006, the Department of Justice

appointed her as a Special Assistant United States Attorney for the Northern District of Texas—a one-year appointment during which she remained an employee of, and continued to be paid by, the Social Security Administration. The Department twice extended that appointment, and she served for just over two years in the Special Assistant position.

Effective December 21, 2008, the Department hired Ms. Mitchell as an Assistant United States Attorney in the same office. It issued a Standard Form 50-B (Notification of Personnel Action) documenting the appointment. As authority for the appointment, the form invoked 28 U.S.C. § 542, which authorizes Assistant United States Attorney appointments generally. The form also stated that the appointment was not to exceed 18 months, was "temporary" because of the pending background investigation, and was "subject to" the successful completion of that investigation. The background check concluded in late July 2009. In early August 2009, the Department provided Ms. Mitchell another Standard Form 50-B, again citing 28 U.S.C. § 542 as legal authority for the personnel action. This time, the "Remarks" section stated that Ms. Mitchell was subject to a two-year trial period beginning August 2, 2009, during which she could be removed without cause or appeal rights. The Department fired Ms. Mitchell effective July 29, 2011, days before the two-year period was to end, without notice or an opportunity to respond.

Ms. Mitchell promptly filed an appeal at the MSPB. In February 2012, the administrative judge dismissed the appeal for lack of jurisdiction, concluding that Ms. Mitchell was not an "employee" within the meaning of 5 U.S.C. § 7511(a) and therefore did not have the right to appeal. Ms. Mitchell filed a petition for review to the full Board, which denied her relief. She now appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703(b)(1).

DISCUSSION

There is no dispute that very nearly two years' worth of Ms. Mitchell's service as an Assistant United States Attorney—from August 2, 2009, to July 29, 2011—was "under other than a temporary appointment limited to 2 years or less." 5 U.S.C. § 7511(a)(1)(C)(ii). We must decide whether she held a "temporary appointment limited to 2 years or less" during the pendency of her background check in the months before August 2009. If she did, then those seven-plus months do not count toward the required "2 years of current continuous service," leaving her just a few days shy of the two-year threshold. If she did not, then she worked for more than two years in the same or similar positions and she comes within the statutory definition of an "employee" who may appeal to the Board. Making that "legal determination" de novo, *Roy v. Merit Systems Protection Board*, 672 F.3d 1378, 1380 (Fed. Cir. 2012), we conclude that the second view is the better one.[1]

A

Title 5 limits the Board's jurisdiction over federal workers' appeals based on both the nature of the personnel action being contested and the employment status of the individual complainant. This case is about the latter.

---

[1]    The Board insists on de novo review of its statutory ruling, rejecting any deference under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). Any *Chevron* deference would be to regulations of the Office of Personnel Management. *See* 5 U.S.C. § 7514; *Wilder v. Merit Sys. Prot. Bd.*, 675 F.3d 1319, 1322 (Fed. Cir. 2012). Those regulations produce the same result as de novo review, which, as indicated *infra*, looks to those regulations. Accordingly, we need not decide whether to give *Chevron* deference in this case.

An "employee" has the right to appeal certain adverse actions to the Board. 5 U.S.C. §§ 7701(a), 7512, 7513(d). Section 7511 defines what "employee" means for such purposes. *Id.* § 7511(a). (That definition modifies, for adverse actions, the general definition of a federal civil-service "employee" set out in 5 U.S.C. § 2105.) It is undisputed that, for Ms. Mitchell, as a person in the "excepted service" not eligible for a preference, qualification as an "employee" depends on whether, upon her July 2011 firing, she had "completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less." *Id.* § 7511(a)(1)(C)(ii); *Van Wersch v. Dep't of Health & Human Servs.*, 197 F.3d 1144, 1149-50 (Fed. Cir. 1999) (discussing 1990 addition of provision). To calculate the length of Ms. Mitchell's "current continuous service," we must ask whether she was in a "temporary appointment limited to 2 years or less" during her first seven-plus months as an Assistant United States Attorney, starting in December 2008.

Our answer starts with the text, where our task is to "give effect, if possible, to every clause and word of [the] statute, avoiding, if it may be, any construction which implies that the legislature was ignorant of the meaning of the language it employed." *Inhabitants of Montclair Twp. v. Ramsdell*, 107 U.S. 147, 152 (1883). That principle counsels against reading "temporary" to have no meaning beyond "limited in time" or "for a limited period." Such a reading would effectively erase the term from the provision: the result would be the same as if the statute referred simply to "other than a[n] appointment limited to 2 years or less." The word "temporary" should be given independent meaning, if possible.

Several sources might provide such meaning, but the first and most natural place to look is in regulations of the agency charged with implementing the statute, OPM. *See* 5 U.S.C. § 7514. It makes sense for Congress to include

the word "temporary" and allow its definition to depend, at least in part, on OPM determinations. In fact, the predominant and longstanding use of the word "temporary" in the context of federal appointments is to refer to appointments of one year or less.

An OPM excepted-service regulation states:

[W]hen agencies elect to make temporary, intermittent, or seasonal appointments in Schedule A, B, C, or D, those terms have the following meaning: (1) Temporary appointments, unless otherwise specified in a particular Schedule A, B, C, or D exception, are made for a specified period not to exceed 1 year and are subject to the time limits in paragraph (b) of this section. Time-limited appointments made for more than 1 year are not considered to be temporary appointments, and are not subject to these time limits.

5 C.F.R. § 213.104(a). When OPM promulgated the regulation, it made clear that it was newly making uniform a one-year standard for "temporary" appointments that already appeared in OPM regulations. The first sentence of the "Summary" announced that OPM was "revising its regulations governing use of temporary appointments (*i.e., appointments limited to 1 year or less*) to set a uniform service limit for such appointments in both the competitive and the excepted service at 1 year with no more than one 1-year extension (24 months total service)." 59 Fed. Reg. 46,895-01 (Sept. 13, 1994) (emphasis added); *see Stern v. Dep't of the Army*, 699 F.2d 1312, 1313 (Fed. Cir. 1983) ("It was a *temporary appointment (i.e., one year or less,* 5 C.F.R. § 316.401 (1982)) . . . .") (emphasis added). This understanding has persisted. *See, e.g.*, 63 Fed. Reg. 63,781, 63,783 (Nov. 17, 1998) ("Excepted appointments not-to-exceed 1 year are defined in 5 CFR 213.104(a)(1) as temporary and are subject to the maximum time limits [of] 5 CFR 213.104(b)(1).").

OPM has long distinguished "temporary" appointments from others—given labels like "term" and "time-limited"—made for different but still limited periods. For example, when adding the last sentence of 5 C.F.R. § 213.104(a), which refers to "[t]ime-limited appointments," the agency explained both that "[t]he existing regulations provide that if the appointments are for 1 year or less, by definition, they are temporary appointments" and, in addition, "that agencies continue to have the ability to make appointments with time limits of more than 1 year[ and that t]hese time-limited appointments are not subject to the restrictions for temporary appointments." 62 Fed. Reg. 18,505 (Apr. 16, 1997). These distinctions existed long before the relevant provision of 5 U.S.C. § 7511(a) was added to the statute in 1990. In 1968, for instance, OPM regulations provided that "[a]n agency may make a temporary limited appointment only for a definite period of 1 year or less," 33 Fed. Reg. 12,402, 12,423 (Sept. 4, 1968) (5 C.F.R. § 316.401), and that "[t]he Commission may authorize an agency to make a term appointment for a period of more than 1 year on request of the agency and after determination . . . that the employment need is for a limited period of 4 years or less," *id.* (5 C.F.R. § 316.301). *See also Stern*, 699 F.2d at 1313 (discussing 1982 regulation); 45 Fed. Reg. 8,541, 8,544 (Feb. 8, 1980) ("time limited" appointments in the Senior Executive Service).

If we were to rely entirely on the longstanding regulatory meaning of "temporary," the conclusion would be that Ms. Mitchell never held a "temporary" appointment, because (as is undisputed) her appointment as an Assistant United States Attorney was never limited to a period of one year or less. Even the December 2008 Standard Form 50-B stated that her appointment, subject to a background investigation, was not to exceed 18 months, not one year. But we need not rely entirely on the regula-

tory treatment, because the conclusion is further support-
ed by two additional considerations.

First, nothing indicates that the Department of Jus-
tice ever contemplated that the job it was giving Ms.
Mitchell, even in December 2008, was a short-term job.
Rather, it invoked the same legal authority, 28 U.S.C.
§ 542, for Ms. Mitchell's appointment as an Assistant
United States Attorney throughout her tenure in that
position, from December 2008 onward.  The reason for the
time limit in the December 2008 Standard Form 50-B was
not any "expectation" that the need for Ms. Mitchell's
service in the job would come to an end.  *See* H.R. Rep.
No. 101-328, at 4 (1989) (focusing on "expectation of
continuing employment").  It simply reflected the fact
that, operating under its waiver of the "*pre*appointment
investigative requirement," the Department had only "a
limited period" to complete the background investigation
when appointing Ms. Mitchell.  5 C.F.R. § 732.202(a)(1)
(emphasis added); *see also* Dep't of Justice, *Oversight of
Background Investigations by the Security and Emergency
Planning Staff*, Report No. I-97-06, at App. II (July 1997).
Those circumstances are quite different from her ap-
pointments as a *Special* Assistant United States Attorney
under 28 U.S.C. § 543, one-year appointments that were
made to fill short-term needs.

Second, determining that Ms. Mitchell did not hold a
"temporary" appointment after December 2008 serves the
statute's purpose.  The reason for the two-year trial
period in § 7511(a)(1)(C)(ii) is to "'ensure that the agency
can fully judge an employee's performance and yet vest
these employees with important job protections.'"  *Van
Wersch*, 197 F.3d at 1149.  Here, the parties stipulated
that Ms. Mitchell held the "same or similar" positions
from December 2008 through her termination, indicating
that nothing meaningful about her job duties changed
once the background investigation was completed.  There
is thus no reason to think that the Department lacked the

contemplated amount of time for judging Ms. Mitchell's performance within the two-year period starting on December 21, 2008.

In sum, the statute and regulations, and the particulars of Ms. Mitchell's tenure as an Assistant United States Attorney, lead us to conclude that she spent no part of that tenure in a "temporary" appointment as that term is used in § 7511(a).

B

The Board's arguments in support of its contrary conclusion are unpersuasive. The Board has relied on certain statements from our precedents. But it has given the statements unduly broad effect by taking them out of context.

In at least two instances, we have said that a complainant fell outside § 7511(a)(1)(C)(ii) because that person had not spent two continuous years in a "permanent" position. *See Roy*, 672 F.3d at 1382; *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 411-12 (Fed. Cir. 1995). Those decisions, however, cannot be taken to establish that time spent in a "permanent" position is the only time that qualifies under § 7511(a)(1)(C)(ii). There are various types of federal appointments—some without end dates, like permanent, seasonal, or intermittent, and some with end dates, like temporary, term, or time-limited. *See, e.g.*, 5 C.F.R. § 213.104(a). The statute excludes only those which are "temporary," which is not the only alternative to "permanent." None of our precedents had occasion to address these distinctions, as none actually involved a dispute about whether the appointment at issue was or was not "temporary," or considered the meaning of "temporary" in § 7511(a) alongside 5 C.F.R. § 213.104 and other OPM regulations. *See Roy*, 672 F.3d at 1382; *Carrow v. Merit Sys. Prot. Bd.*, 626 F.3d 1348, 1352 (Fed. Cir. 2010); *Forest*, 47 F.3d at 411-12. (*Weidel v. Department of Justice*, 230 F.3d 1380 (Fed. Cir. 2000) (table), involved a

similar issue, but the decision is non-precedential, and the court recognized that the arguments were not fully developed.)  Precedent thus does not establish a conclusion different from the one we reach here.

The Board urges us to discount the significance of 5 C.F.R. § 213.104 on the ground that OPM did not invoke § 7511(a) in promulgating it.  That is not a sufficient reason to eschew reliance on the regulation in interpreting and applying "temporary" in the statute.  The alternative interpretation on offer would run afoul of the general rule against nullifying words in the statute, and the regulation embodies an interpretation deeply embedded in federal personnel law and a policy promoting a uniform application of that interpretation.  At least where other considerations support the same conclusion, it makes good sense to construe the statute in accordance with this regulation.  *Cf. Pauley v. BethEnergy Mines, Inc.*, 501 U.S. 680, 706 (1991) (adopting interpretation that harmonizes statute with regulations).

The Board highlights the fact that the December 2008 Standard Form 50-B (SF-50) used the term "temporary" to refer to Ms. Mitchell's appointment "pending adjudication of a full-field background check."  But we have held that "the SF-50 is not a legally operative document controlling on its face an employee's status and rights." *Grigsby v. U.S. Dep't of Commerce*, 729 F.2d 772, 776 (Fed. Cir. 1984).  And we think that, as between the label "temporary" and the actual stated term of 18 months for the particular job of Assistant United States Attorney, the latter must control.  We need not go any further, or offer an affirmative view of the correct label to apply to the pre-August 2009 portion of Ms. Mitchell's tenure as an Assistant United States Attorney.  *Cf. Weidel*, 230 F.3d 1380 (expressing "doubt as to the source of authority for [a 'temporary'] appointment" as an Assistant United States Attorney).

Finally, the Board observes that Ms. Mitchell served for only seven-plus months while her background check was pending, suggesting that even if "temporary" appointments are appointments for one year or less, that standard makes no difference here because seven-plus months is still less than a year. But the regulatory and statutory scheme requires that the nature of Ms. Mitchell's appointment be judged at the outset, without regard to service ultimately completed.

OPM regulations, for example, define a temporary appointment based on the time limit imposed when the appointment is "made." 5 C.F.R. § 213.104(a)(1). This makes good sense. Allowing a federal appointment to change character over time based on time served—if, say, a permanent appointment became seasonal or temporary when an employee lasts only a few months—would conflict with § 7511(a)'s express provision for so-called "tacking" of time in consecutive jobs. Section 7511(a) permits employees to combine time spent in "the same or similar" jobs, if one immediately follows the other, in order to get to the requisite two years of "current continuous service." But under the Board's suggestion, someone who spends twenty years in one permanent position and then ten months in a "similar," permanent position before being terminated, *see, e.g.*, *Mathis v. United States Postal Service*, 865 F.2d 232 (Fed. Cir. 1988), would be a "temporary" employee based on the final ten months of service, and would be stripped of all appeal rights. That cannot be how the statute is supposed to work. *Cf. Grigsby*, 729 F.2d at 775 n.9 (counseling against "reduc[ing] an employee's appointment to a form manipulable at any time by the agency"). The length of time that Ms. Mitchell actually served before the background investigation was completed, therefore, does not alter our analysis of whether she held a "temporary" appointment at the time.

In so concluding, we do not depart from "the doctrine of harmless error." Dissent at 2. That doctrine does not

apply to the only question we must answer, namely, the character of the Department's appointment action, which determines whether Ms. Mitchell was an "employee" and hence whether the Board erred in its jurisdictional ruling. There is no doubt that, if Ms. Mitchell was an "employee," the Board's jurisdictional ruling was a harmful error, as it deprived Ms. Mitchell of a hearing on her rights regarding her removal. But on the threshold assessment of the Department's appointment, "harmless error" has no role.

As all of the cases cited by the dissent confirm, the subject of the harmless-error doctrine, and of 5 U.S.C. § 7701(c)(2), is "error" in the specific sense of a violation of legal requirements. In that event, the court must inquire, under proper standards, into whether the bottom-line result would have been different had the requirements been met. But there has been no suggestion here, by anyone, that the Department's December 2008 appointment committed any violation of legal requirements. It simply made a choice about the terms of the appointment. Although the Department may now wish that it had made a different choice, our jurisdictional analysis must ask about the character of the appointment actually made—specifically, whether it was a "temporary" appointment. There being no legal violation, there is no basis for us to ask what result would have occurred in the absence of such a violation. "Harmless "error" analysis is thus a mismatch for the issue currently before us. Of course, to the extent that Ms. Mitchell's claim on the merits before the Board concerns an alleged Department failure to follow procedures required when an employee is removed, a harmless error analysis may be appropriate, but that is for the Board to consider on remand.

CONCLUSION

We conclude that Ms. Mitchell did not hold a "temporary appointment limited to 2 years or less" during her roughly two-and-a-half years as an Assistant United

States Attorney.  Accordingly, she was an "employee" under § 7511(a) and had the right to contest her removal at the Board.  We therefore reverse and remand for further proceedings.

**REVERSED AND REMANDED**

# United States Court of Appeals
# for the Federal Circuit

---

**AMY J. MITCHELL,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2013-3056

---

Petition for review of the Merit Systems Protection Board in No. DA0752110601-I-1.

---

PROST, *Circuit Judge*, dissenting.

I respectfully dissent from the majority's opinion reversing the Merit Systems Protection Board's ("Board's") decision on Ms. Mitchell's appeal rights. The majority concludes that since Ms. Mitchell's eighteen month appointment exceeded the twelve month limit set forth in 5 C.F.R. § 213.104(a)(1), her initial appointment cannot be classified as temporary. Even accepting the majority's view that 5 C.F.R. § 213.104(a)(1) applies to 5 U.S.C. § 7511(a)(1)(C)(ii), the fact remains that Ms. Mitchell only served less than eight months of her initial eighteen month appointment, making the Department of Justice's ("DOJ's") alleged error in granting Ms. Mitchell a temporary eighteen month appointment harmless. Therefore, I conclude that Ms. Mitchell's eight months served pending

the successful completion of her background check should not be tacked on to her time served in a permanent position for purposes of determining appeal rights.

The majority insists that "the regulatory and statutory scheme requires that the nature of Ms. Mitchell's appointment be judged at the outset, without regard to service ultimately completed." Majority Op. at 11. Thus, the majority fails to recognize that the government should benefit from the doctrine of harmless error. This court routinely requires employees to not only show that the agency erred but also to show that the error was harmful. *See, e.g., Ward v. U.S. Postal Serv.,* 634 F.3d 1274, 1281-82 (Fed. Cir. 2011) (requiring plaintiff to show harmful error in an agency's procedure in order to establish reversible procedural error); *Diaz v. Dep't of the Air Force*, 63 F.3d 1107, 1109 (Fed. Cir. 1995) ("[W]e have previously held that an employee challenging an agency action has the burden to prove that a violation of a statutory procedure was harmful."); *Handy v. U.S. Postal Serv.*, 754 F.2d 335, 337–38 (Fed. Cir. 1985) ("It is insufficient simply to show that a statutory procedure was not followed at the agency level. Harmful error must be shown."). And in this case Ms. Mitchell has failed to show that the DOJ's error in using an eighteen month temporary appointment rather than a twelve month appointment was harmful to her, given that she served less than eight months under the initial temporary appointment. The DOJ's alleged error is rendered even more inconsequential by the fact that 5 C.F.R. § 213.104(b)(1) authorizes agencies to extend temporary appointments for an additional twelve months, for a total period that exceeds the eighteen month temporary appointment at issue here. Thus, I conclude that Ms. Mitchell has failed to show that the DOJ's error was harmful.

The majority further relies on other "considerations" surrounding the nature of Ms. Mitchell's position to support its conclusion, stating that "nothing indicates

that the [DOJ] ever contemplated that the job it was giving Ms. Mitchell, even in December 2008, was a short-term job." Majority Op. at 8. The majority also concludes that determining that Ms. Mitchell did not hold a "temporary" appointment after December 2008 serves the statute's purpose to "ensure that the agency can fully judge an employee's performance and yet vest these employees with important job protections." *Id.* (citing *Van Wersch v. Dep't of Health & Human Servs.,* 197 F.3d 1144, 1149 (Fed. Cir. 1999)).

However, I do not find these considerations persuasive. The DOJ's alleged intent of continuing Ms. Mitchell's employment is diminished by the fact that the agency noted in both the SF-50 and SF-52 forms that it considered her initial appointment to be temporary. Further, while the legislative history does indicate that it was Congress's intent to give employees in similar positions appeal rights after two years of service, if Congress had intended to count temporary service in that calculation, it would not have clearly excluded such service in 5 U.S.C. § 7511(a)(1)(C)(ii).

For the foregoing reasons, I conclude that Ms. Mitchell's time served pending the completion of her background check was time served in a temporary position. Since Ms. Mitchell has failed to show that, prior to her termination, she completed two years in an excepted service position that was not temporary, I would not grant appeal rights under 5 U.S.C. § 7511(a)(1)(C)(ii). Therefore, I would affirm the final order of the Board.