**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MARNE K. MITSKOG,<br>                    Appellant, | DOCKET NUMBER<br>DC-0752-14-0478-I-1 |
|                    v. | |
| FEDERAL ELECTION<br>    COMMISSION,<br>                    Agency. | DATE: January 26, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marne K. Mitskog, Arlington, Virginia, pro se.

Deborah M. Foresman, and Robert Kahn, Washington, D.C., for the
    agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such
as this one only when: the initial decision contains erroneous findings of material

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant was appointed to an excepted service position as an attorney in the agency's Office of General Counsel. Initial Appeal File (IAF), Tab 8 at 92. The agency terminated the appellant approximately 19 months after her appointment for conduct unbecoming a federal employee.[2] *Id*. at 35-36, 42-49. The appellant appealed her termination. IAF, Tab 1. After affording the parties an opportunity to address the matter of Board jurisdiction, IAF, Tab 3, the administrative judge dismissed the appeal for lack of jurisdiction in an initial decision, IAF, Tab 16, Initial Decision (ID). The administrative judge noted that the appeal also appeared to be untimely but did not address this issue as he found that the appellant had failed to establish jurisdiction. ID at 7 n.5.

---

[2] We note that Article 46, Section 1 of the Labor Management Agreement between the agency and the union specifies that agency employees will serve only a 1-year probationary period. IAF, Tab 8 at 16. Accordingly, the agency stated in its narrative response that, based upon its interpretation of the agreement, although it originally terminated the appellant as a probationary employee, it later rescinded this termination and eventually issued a notice of removal. *Id*. at 6 n.1; *see id*. at 42-49, 113-15.

¶3		The appellant petitions for review, arguing, as she did below, that the Board has jurisdiction over her appeal because the agency terminated her based upon conditions that arose prior to her employment and because the agency consented to jurisdiction through its Labor Management Agreement. Petition for Review (PFR) File, Tab 1 at 1-3; *see* IAF, Tab 9 at 5-6, Tab 10 at 3. She also argues, as she did below, that the National Finance Center and BENEFEDS incorrectly displayed her employment status, which may reflect false statements by the agency or the fact that the agency rehired her and then unlawfully terminated her employment. PFR File, Tab 1 at 3-5; *see* IAF, Tab 5 at 3-5, Tab 9 at 4-5. The appellant further states that the Board has jurisdiction over her appeal under 5 C.F.R. § 9901.512(a)(7). PFR File, Tab 1 at 2; *see* IAF, Tab 5 at 2. She presents additional arguments, as she did below, that her appeal was timely, that her termination was not in accordance with law and was a prohibited personnel practice, that the agency violated her First Amendment rights, and that the agency violated the Privacy Act. PFR File, Tab 1 at 2-6; *see* IAF, Tab 5 at 4, Tab 9 at 2-3, 5, Tab 10 at 3. Finally, the appellant alleges factual errors by the administrative judge including an incorrect statement that she had not submitted her Notice of Personnel Action with her appeal. PFR File, Tab 1 at 4. The agency has submitted a response, PFR File, Tab 3, and the appellant has submitted a reply, PFR File, Tab 5.[3]

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4		We find that the administrative judge was correct that the Board does not have jurisdiction over this appeal. Only an "employee," as defined by 5 U.S.C. § 7511, can appeal to the Board from an adverse action such as a removal. The appellant is a nonpreference eligible who was in the excepted service. IAF,

---

[3] To the extent that the appellant attempts to include new evidence on review, we find that this evidence is not new and material and therefore do not consider it. *See* 5 C.F.R. § 1201.115(d).

Tab 8 at 35. As a nonpreference eligible individual in the excepted service, she is an "employee" within the meaning of 5 U.S.C. § 7511 only if she: (1) is not serving a probationary or trial period under an initial appointment pending conversion to the competitive service; or (2) has completed 2 years of current continuous service in the same or similar positions in an executive agency under other than a temporary appointment limited to 2 years or less. 5 U.S.C. § 7511(a)(1)(C)(i)-(ii); *see Ramirez-Evans v. Department of Veterans Affairs*, 113 M.S.P.R. 297, ¶ 9 (2010). There is no indication that the appellant held an initial appointment pending conversion to the competitive service. Thus, the appellant can qualify as an "employee" only if she had 2 years of current continuous service. *See* 5 U.S.C. § 7511(a)(1)(C)(ii).

¶5      It is undisputed that the appellant was terminated less than 2 years after beginning her employment with the agency. Additionally, although the appellant had prior service at another agency, IAF, Tab 8 at 128, the record reflects, and the appellant does not dispute, that she had a break in federal service of over 1 year, *see* IAF, Tab 8 at 116. The Board has held that, with respect to both competitive and excepted positions, the term "current continuous service" means service immediately prior to the action at issue without a break in service of a work day. *Yeressian v. Department of the Army*, 112 M.S.P.R. 21, ¶ 10 (2009). Because the appellant had a break in service of over a year, she may not tack her prior service on to her service with the agency and therefore does not meet the 2-year service requirement. *See Roy v. Department of Justice*, 115 M.S.P.R. 669, ¶¶ 6-8 (2011), *aff'd*, 672 F.3d 1378 (Fed. Cir. 2012). Thus, the appellant is not an "employee" with the right to appeal her removal under chapter 75.

¶6      The appellant argues that she was terminated for preappointment reasons and that the Board therefore has jurisdiction over this appeal under 5 C.F.R. § 315.805, 806. PFR File, Tab 1 at 2-3. This regulatory right to appeal applies only to individuals in the competitive service. *Ramirez-Evans*, 113 M.S.P.R. 297, ¶ 10. Therefore, because the appellant served in an excepted appointment,

she has no right to appeal under 5 C.F.R. § 315.806.  The appellant's analogous argument that the Board has jurisdiction over her termination based upon preappointment reasons under 5 C.F.R. § 9901.512(a)(6) is also without merit. This regulation applied only to certain competitive service Department of Defense employees and was rescinded prior to the appellant's termination. National Security Personnel System, 76 Fed. Reg. 81,359 (Dec. 28, 2011).

¶7     The appellant's argument that the agency waived the jurisdictional requirements through additional procedural safeguards that were provided in the Labor Management Agreement is also without merit.  PFR File, Tab 1 at 2-3. We note that the agency's termination letter provided the appellant with Board appeal rights.  IAF, Tab 8 at 45-46.  However, the agency cannot confer Board jurisdiction where jurisdiction does not otherwise exist.  *Waldrop v. U.S. Postal Service*, 72 M.S.P.R. 12, 15 (1996).  Accordingly, the Board does not have jurisdiction, regardless of additional rights provided in the agreement or mistakenly provided with the termination letter.

¶8     We also have considered the appellant's arguments that the agency violated both her First Amendment rights and the Privacy Act and committed both harmful error and prohibited personnel practices.  PFR File, Tab 1 at 1-6. However, the Board has no jurisdiction to review constitutional claims absent an otherwise appealable action.  *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶ 13 (2007).  The Board also does not have jurisdiction to review alleged violations of the Privacy Act when the allegations are not material to an issue that is properly before it.  *Young v. U.S. Postal Service*, 113 M.S.P.R. 609, ¶¶ 40-41 (2010).  Finally, absent an otherwise appealable action, the Board lacks jurisdiction over claims of harmful error and prohibited personnel practices.  *See*

*Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012). The Board therefore does not have jurisdiction to consider these arguments.[4]

¶9    We have considered the appellant's remaining arguments including her challenge to the administrative judge's factual determinations and her arguments concerning the agency's reporting to the National Finance Center and BENEFEDS. PFR File, Tab 1 at 4-6. However, as these arguments are not material to the issue of whether the Board has jurisdiction, we do not address them.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff.

---

[4] Because we find that the Board does not have jurisdiction, we need not address whether the appeal was timely filed. *See Colligan v. Department of the Army*, 36 M.S.P.R. 547, 548 n.1 (1988); *see also Key v. U.S. Postal Service*, 82 M.S.P.R. 628, ¶ 16 (1999).

Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.