**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| WILLIE C. JULIAN,<br>        Appellant, | DOCKET NUMBER<br>CH-315H-16-0292-I-1 |
| v. | |
| DEPARTMENT OF JUSTICE,<br>        Agency. | DATE: December 19, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Jeff T. Schrameck, Esquire, Plymouth, Michigan, for the appellant.

Andrew Chiang, Springfield, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    Effective February 19, 2016, the agency terminated the appellant from his Telecommunications Specialist position during his probationary period.  Initial Appeal File (IAF), Tab 1 at 14-15.  He filed a Board appeal alleging that the agency failed to afford him the procedural protections under 5 C.F.R. § 315.805 and, alternatively, that he was an employee entitled to appeal his removal to the Board under 5 U.S.C. § 7511(a)(1)(B).  *Id.* at 6.  The administrative judge issued orders setting forth the law applicable to the question of the Board's jurisdiction and ordered the appellant to file evidence and argument showing that his appeal was within the Board's jurisdiction.  IAF, Tabs 2-3.  In response, the appellant argued that he was an employee under 5 U.S.C. § 7511(a)(1)(C)(ii) based on his prior service with the Internal Revenue Service (IRS).  IAF, Tab 10 at 8-12.

¶3    The administrative judge issued a show cause order informing the appellant that, because his position was in the competitive service, the relevant statutory section was 5 U.S.C. § 7511(a)(1)(A), and that it appeared that he did not meet the requirements of this section because his prior service with the IRS was temporary.  IAF, Tab 11.  In response, the appellant asserted that his IRS service

was not temporary because he had received a promotion and had served a probationary period there.  IAF, Tab 13 at 6-8.  The appellant contended that he had received a career‑conditional appointment with the IRS based on an offer letter he received from the IRS, which indicated that his position was temporary not to exceed (NTE) 1 year, but also referenced him completing a 1-year probationary period and being placed in a conditional tenure until he completed 3 years of current continuous service.  *Id.* at 8.  The agency moved to dismiss the appeal for lack of jurisdiction asserting that the appellant failed to nonfrivolously allege that he was an employee under 5 U.S.C. § 7511(a)(1)(A), given that his prior IRS service was temporary and did not count toward completing his 1-year probationary period because it was rendered in a different agency.  IAF, Tab 12 at 8-11.

¶4        Without holding the requested hearing, the administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction.  IAF, Tab 16, Initial Decision (ID).  The administrative judge found that the appellant failed to nonfrivolously allege that he was an employee under section 7511(a)(1)(A)(i) given that he did not allege that he was hired under an authority that precluded the agency from imposing a probationary period and his prior IRS service could not be credited toward completing his probationary period because it was rendered in a different agency.  ID at 4.  The administrative judge further found that the appellant failed to nonfrivolously allege that he was an employee under section 7511(a)(1)(A)(ii) because his offer letter and Standard Form 50 (SF-50) reference his prior IRS appointment as a temporary appointment and he did not allege that the IRS treated his service as anything other than temporary.  ID at 5.  Additionally, the administrative judge found that the Board lacks jurisdiction over the appellant's probationary termination appeal because the record showed that the agency afforded him the procedural protections required by 5 C.F.R.

§ 315.805.[2]  ID at 6.  Finally, the administrative judge found that, absent an otherwise appealable action, the Board lacks jurisdiction over the appellant's discrimination claims.  ID at 7.

¶5      The appellant has filed a petition for review in which he asserts that the administrative judge erred in determining that his prior appointment to the IRS Computer Operator position was a temporary appointment.  Petition for Review (PFR) File, Tab 1.  The agency has opposed the appellant's petition.  PFR File, Tab 3.  The appellant has filed a reply.  PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      An individual's right to appeal an adverse action to the Board, such as the appellant's termination, depends on whether he is an "employee" as defined by 5 U.S.C. § 7511(a)(1).  *Bell v. Department of Homeland Security*, 95 M.S.P.R. 580, ¶ 15 (2004).  The definition of "employee" includes "an individual in the competitive service—(i) who is not serving a probationary or trial period under an initial appointment; or (ii) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less." 5 U.S.C. § 7511(a)(1)(A).  On review, the appellant reiterates his arguments below that his offer letter from the IRS establishes, or at least raises, a nonfrivolous allegation that his prior IRS service was not temporary.  PFR File, Tab 1 at 10.  However, as set forth below, we agree with the administrative judge that the appellant's appointments to the IRS were temporary.

¶7      Effective December 30, 2013, the appellant was appointed to a GS-05 Computer Operator position with the IRS NTE December 27, 2014.  IAF, Tab 12

---

[2] Despite the appellant's contentions that the agency failed to provide him with the materials it relied upon in proposing his termination and denied him the opportunity to present an oral reply, PFR File, Tab 1 at 7, we agree with the administrative judge that the agency afforded him all of the required procedural protections, to include advance written notice of the reasons for his proposed termination, an opportunity to submit a written response that was considered by the deciding official, and written notice of the termination decision.

at 23-24. The SF-50 documenting his appointment states that the reason for his temporary appointment was due to high volume workload and references his appointment as being on a full-time seasonal basis, subject to release to nonpay status and recall to duty to meet workload requirements. *Id.* Effective December 28, 2014, the agency extended the appellant's temporary appointment NTE December 26, 2015. *Id.* at 25. Effective January 11, 2015, the agency converted the appellant's appointment to a GS-06 Computer Operator position, still NTE December 26, 2015. IAF, Tab 13 at 17. The SF-50 documenting this personnel action states that the appellant remained on an NTE appointment. *Id.* Effective March 8, 2015, the appellant was placed in a nonpay status due to the lack of available work. IAF, Tab 12 at 26. Effective April 18, 2015, the appellant resigned without a break in service to begin working as a Telecommunications Specialist with the Department of Justice. *Id.* at 27.

¶8        Based on the totality of the circumstances, we agree with the administrative judge that the appellant failed to raise a nonfrivolous allegation that his prior IRS service was not temporary. The vacancy announcement for the appellant's position states that he was hired to a temporary position NTE 1 year.[3] PFR File, Tab 3 at 23-27. The appellant's offer letter also specifies that his appointment was temporary NTE 1 year. IAF, *Tab* 13 at 18. Similarly, the appellant's SF-50s indicate that he was hired to a temporary NTE position, which was then extended for close to an additional year. IAF, Tab 12 at 23-25; *see* 5 C.F.R. § 316.401(c)

---

[3] We have considered the vacancy announcement submitted by the agency on review as new and material evidence because the agency was not afforded an opportunity to submit it below. *See* 5 C.F.R. 1201.115(d). The agency contends that it was not aware of the IRS offer letter or the need to address its contents until the appellant submitted it below on April 29, 2016, after the deadline for the agency's jurisdictional response had passed. PFR File, Tab 3 at 19. The agency further contends that it did not receive the vacancy announcement from the IRS until after April 29, 2016. *Id.* The record reflects that the agency subsequently moved for leave to file a reply to address the appellant's argument that the offer letter established that his IRS service was not temporary, IAF, Tab 14, but the administrative judge issued an initial decision a few days later denying the agency's motion, ID at 1 n.1.

(stating that an agency may make a temporary appointment for a specified period not to exceed 1 year, which can be extended for an additional year).  His SF-50s further indicate that he had no tenure and was ineligible for Federal Employees' Group Life Insurance (FEGLI) coverage.  IAF, Tab 12 at 23-27; *see* 5 C.F.R. § 870.302(b)(1) (generally excluding employees serving under an appointment limited to 1 year or less from FEGLI coverage).

¶9      We acknowledge that the appellant's IRS offer letter inexplicably also states that his temporary NTE 1-year appointment was subject to a 1-year probationary period and references his having conditional tenure.  IAF, Tab 13 at 18-23.  We also have considered the vacancy announcement submitted by the appellant on review, which differs from the vacancy announcement submitted by the agency and contains language reflecting that, although the position was a temporary appointment, it also was subject to a 1-year probationary period.[4]  PFR File, Tab 4 at 12-16.  However, we find these documents fail to constitute a nonfrivolous allegation that the appellant was not serving in a temporary appointment because all of his employment documents clearly reference his position as being temporary.  *See Scott v. Department of the Air Force*, 113 M.S.P.R. 434, ¶ 8 (2010) (stating that the Board looks at the totality of the circumstances in determining the nature of the appointment).  We also find unavailing the appellant's argument that, because he was promoted from a GS-05 to GS-06 and an agency cannot promote an individual serving in a temporary appointment except for an overseas appointment, he made a nonfrivolous allegation that he was an employee with appeal rights.  PFR File, Tab 1 at 10.  Regardless of the propriety of the agency's actions, the totality of the circumstances indicate that the appellant served two consecutive temporary appointments.

---

[4] We have considered this document, submitted by the appellant for the first time on review, in light of the circumstances below in which the parties were denied an opportunity to submit additional briefing on this issue.

¶10    Finally, we find that the appellant's reliance on *Mitchell v. Merit Systems Protection Board*, 741 F.3d 81 (Fed. Cir. 2014), and *Roden v. Tennessee Valley Authority*, 25 M.S.P.R. 363 (1984), to be misplaced.  PFR File, Tab 1 at 13-21. In *Mitchell*, the U.S. Court of Appeals for the Federal Circuit determined that an appellant's appointment NTE 18 months was not temporary because, among other things, it was not limited to a period of 1 year or less and nothing indicated that the agency ever contemplated it to be a short-term position.  *Mitchell*, 741 F.3d at 84-86.  Similarly, in *Roden*, the Board held that an appellant's service under a series of five temporary appointments over a period of nearly 4 years with only short breaks in service constituted continuous nontemporary service within the meaning of  5 U.S.C. § 7511(a)(1)(B), when there was no evidence that the appellant was employed only for a limited period of time due to a changing or unpredictable workload or a project expected to last for only a limited period of time.  *Roden*, 25 M.S.P.R. at 367-68.

¶11    Here, in contrast, the appellant served two consecutive appointments, each limited to less than 1 year.  IAF, Tab 12 at 23-25.  Further, his service was on a seasonal basis to fill short-term needs as reflected in his SF-50s, which state that the reason for his temporary appointment was due to high volume workload and show that he was placed in a nonpay status on March 8, 2015, due to the lack of available work.  *Id.* at 23, 26.

¶12    Accordingly, because the appellant failed to nonfrivolously allege that he is an employee within the meaning of 5 U.S.C. § 7511(a)(1)(A), we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law and other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.