**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2014 MSPB 72**

Docket No. CH-0841-13-0334-R-1

**Andrew C. Eller, Jr.,**

**Appellant,**

**v.**

**Office of Personnel Management,**

**Agency.**

September 5, 2014

Paula N. Dinerstein, Washington, D.C., for the appellant.

Earl A. Sanders, Esquire, and Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**OPINION AND ORDER**

¶1      Pursuant to 5 U.S.C. § 7703(d), the Director of the Office of Personnel Management (OPM) has filed a petition for reconsideration of our prior decision finding that the appellant is entitled to receive a discontinued service retirement (DSR) annuity under 5 U.S.C. § 8414(b)(1)(A).  *See Eller v. Office of Personnel Management*, 121 M.S.P.R. 17, ¶ 10 (2014); Reconsideration File (RF), Tab 1. For the reasons that follow, OPM's petition for reconsideration is DENIED and our prior Opinion and Order is AFFIRMED as MODIFIED.

## BACKGROUND

¶2 The Board's prior decision contains a comprehensive recitation of the facts informing the instant dispute. *See Eller*, 121 M.S.P.R. 17, ¶¶ 2-5. OPM does not dispute the underlying facts as found by the Board in its prior decision. *See* RF, Tab 4 at 11. For clarity, we provide the following brief synopsis. The appellant held a position with the Department of the Interior until his employing agency removed him for unacceptable performance. *Eller*, 121 M.S.P.R. 17, ¶ 2. Following an appeal to the Board, the Department of the Interior and the appellant entered into a settlement agreement providing, inter alia, that the appellant would be converted to a 4-year term appointment as a Biologist with the Department of the Interior. *Id*. The parties' agreement made clear that "[t]he intent of this provision is to provide the Appellant adequate time under current [OPM] regulations . . . to achieve a sufficient age and sufficient years of federal service to permit him to receive a discontinued service annuity should his federal service discontinue at the end of the term specified herein." *Id*.

¶3 As envisioned by the settlement agreement, the appellant served as a Biologist with the agency for 4 years, at the end of which the agency extended his appointment for 1 additional year. *Id*., ¶ 3. The Department of the Interior subsequently separated the appellant at the end of this additional year, citing the expiration of his term appointment, and he applied for an immediate DSR annuity with OPM. *Id*. At the time of his final separation from employment, the appellant had over 23 years of federal service and was 51 years of age. *Id*.

¶4 OPM, however, denied the appellant's application for an immediate DSR annuity on the grounds that the settlement agreement returning him to work with the Department of the Interior was an artifice designed to evade the statutory requirements for receiving a DSR annuity. *Id*., ¶¶ 4-5. The administrative judge reversed OPM's final decision denying the appellant's annuity application, *id*., ¶ 5, and we affirmed the administrative judge's initial decision, holding that, because the appellant was returned to actual federal service and objectively met

the statutory eligibility requirements for a DSR annuity, OPM was without the authority to deny his application, *id*., ¶¶ 8-9.  In so holding, we found the Board's prior decision in *Parker v. Office of Personnel Management*, 93 M.S.P.R. 529, ¶¶ 18, 20 (2003), *aff'd*, 91 F. App'x 660 (Fed. Cir. 2004), distinguishable because the parties in that case entered into a settlement agreement which only created the impression that the appellant was qualified for a DSR annuity on paper.  *See Eller*, 121 M.S.P.R. 17, ¶¶ 8-9.  Differing from *Parker*, we concluded that, when an employee is assigned to a position of employment in the federal service and actually serves in that position, OPM has no discretion to deviate from the computation formulas, and it cannot deny the employee an annuity based on its subjective determination that the employee's federal service fails to qualify him for an annuity when he otherwise objectively satisfies the statutory annuity formula.  *Id*., ¶ 9.

¶5      The appellant had over 20 years of service and was more than 50 years of age at the time of the expiration of his term appointment with the Department of the Interior.  The Board further concluded that his separation was involuntary, and, accordingly, we found that the appellant was entitled to receive an immediate DSR annuity under 5 U.S.C. § 8414(b)(1)(A).  *Eller*, 121 M.S.P.R. 17, ¶¶ 3, 9-13.

¶6      The Director of OPM has filed a petition for reconsideration arguing that, contrary to the import of our prior decision, OPM has a statutory obligation to determine whether a separation from service is involuntary for the purposes of 5 U.S.C. § 8414(b)(1)(A) and that the appellant's entire period of additional federal service with the Department of the Interior—5 years in total—should not be counted toward his DSR annuity eligibility because a term position may last no more than 4 years.  RF, Tab 4 at 14-17, 20-21.  In her petition for reconsideration, the Director also asserts that the Board misinterpreted its decision in *Parker*, "making it narrower than it actually was" and further maintains that the Federal Circuit's decision in *Eldredge v. Department of the*

*Interior*, [451 F.3d 1337](#) (Fed. Cir. 2006), precludes neither OPM, nor the Board, from finding the appellant ineligible to receive a DSR annuity. RF, Tab 4 at 21-22, 25. Lastly, the Director argues that, if the Board's prior decision remains unchanged, agencies and employees will have an incentive to enter into similar settlement arrangements in the future, thus impermissibly shifting employment and litigation costs to the retirement fund and inequitably rewarding employees whose performance is alleged to be unacceptable. *Id*. at 30. The appellant has filed a response to the petition for reconsideration. RF, Tab 5.

## ANALYSIS

¶7 The Director of OPM may file a petition for reconsideration of a final Board decision if the Director determines that: (1) the Board erred in interpreting a civil service law, rule, or regulation affecting personnel management; and (2) the Board's decision will have a substantial impact on a civil service law, rule, or regulation, or policy directive. [5 U.S.C. § 7703](#)(d); *Whittacre v. Office of Personnel Management*, [120 M.S.P.R. 114](#), ¶ 7 (2013); [5 C.F.R. § 1201.119](#)(a). The Board will consider de novo the arguments raised by OPM on petition for reconsideration, even in cases where OPM was a party to the proceedings before the Board. *Scott v. Office of Personnel Management*, [117 M.S.P.R. 467](#), ¶ 9 (2012).

The Board's prior decision does not improperly restrict OPM's authority to
administer federal employee retirement benefits.

¶8 First, we have considered OPM's arguments suggesting that the Board's prior decision improperly confines OPM's role in administering federal employee retirement benefits and asserting that it has an independent statutory obligation to determine whether an employee's separation is involuntary for the purposes of a DSR annuity under [5 U.S.C. § 8414](#)(b)(1)(A). *See* RF, Tab 4 at 14-16. OPM's authority to administer federal employee retirement benefits is not in dispute. *See, e.g.*, *Jordan v. Office of Personnel Management*, [77 M.S.P.R. 610](#), 614 (1998) (Congress authorized OPM to administer the federal retirement system and

gave it the power to perform acts and prescribe regulations it deems necessary to carry out that authority), *recons. denied*, 86 M.S.P.R. 144 (2000), *overruled in part on other grounds by Parker*, 93 M.S.P.R. 529, ¶ 18; *Hymon v. Department of the Navy*, 39 M.S.P.R. 106, 108 (1988) (OPM is the agency responsible for administering federal employee retirement programs and the retirement fund). The Board, however, has jurisdiction over an "administrative action or order affecting the rights or interests of an individual or of the United States under the [Federal Employees' Retirement System (FERS)] administered by [OPM]." 5 U.S.C. § 8461(e)(1); *see also* 5 U.S.C. § 8347(d)(1) (establishing the Board's jurisdiction over similar actions involving the Civil Service Retirement System (CSRS)).  Thus, while OPM must make certain determinations about an applicant's eligibility for benefits in the course of administering the several federal employee retirement programs, those determinations which affect the rights or interests of an individual or the United States are appealable to the Board.  5 U.S.C. § 8461(e)(1); 5 U.S.C. § 8347(d)(1).  We find no support for OPM's argument that our prior decision unnecessarily limits its authority to administer federal retirement benefits.

The length of the appellant's term position does not negate his eligibility for a DSR annuity.

¶9        OPM argues for the first time on reconsideration that the appellant's federal service following his return to work pursuant to the settlement agreement with the Department of the Interior should not be counted toward his eligibility for a DSR annuity because it lasted for 5 years and, that without approval from OPM, a term position may last no longer than 4 years.  RF, Tab 4 at 20-21. Although the appellant argues in response that this is a new argument raised for the first time in OPM's petition for reconsideration, which the Board should not consider, RF, Tab 5 at 9, the Board will review all of OPM's arguments raised in a petition for reconsideration de novo, even if not asserted below, *see Scott*, 117 M.S.P.R. 467, ¶ 9.  We agree with the appellant's alternative argument,

however, that OPM's reliance on the length of his service following his return to work does not preclude him from qualifying for a DSR annuity.  RF, Tab 5 at 9-10.

¶10 Pursuant to 5 C.F.R. § 316.301(a), "[a]n agency may make a term appointment for a period of more than 1 year but not more than 4 years to positions where the need for an employee's services is not permanent." Agencies, moreover, "may extend appointments made for more than 1 year but less than 4 years up to the 4-year limit in increments determined by the agency." *Id*.  OPM "may authorize exceptions beyond the 4-year limit when the extension is clearly justified and is consistent with applicable statutory provisions."  5 C.F.R. § 316.301(b).  Here, however, OPM contends that the Department of the Interior never requested permission to extend the appellant's term position beyond the 4-year regulatory limit, and it asserts that his service in a 5-year term position is ultra vires and thus voids his entire period of service for the purposes of determining his eligibility for a DSR annuity.  RF, Tab 4 at 20-21.

¶11 We agree with the appellant, however, that OPM has cited to no authority for this proposition, *see* RF, Tab 5 at 10, and we decline to adopt such a rule under the facts of this case.  The Board looks to the totality of the circumstances to determine the nature of an employee's appointment. *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶ 7 (2013).  The Federal Circuit, moreover, recently opined that the "regulatory and statutory scheme requires that the nature [of an employee's] appointment be judged at the outset, *without regard to service ultimately completed*."  *Mitchell v. Merit Systems Protection Board*, 741 F.3d 81, 87 (Fed. Cir. 2014) (emphasis added).

¶12 Based upon the settlement agreement returning the appellant to federal service, we find that the appellant was appointed to a term position.  The parties' settlement agreement expressly stated that the appellant would be "convert[ed] . . . to a four (4) year term appointment (GS 11/8) as a Biologist."

Initial Appeal File (IAF), Tab 6 at 24.  Although the record developed below does not contain a copy of the Standard Form (SF) 50 effecting the appellant's appointment to this position, the SF-50 effecting his subsequent removal reflects that he was removed based upon the expiration of a term appointment.  *See id.* at 44.  Despite the fact that this document was issued by the agency at the time of the appellant's removal, and not at the outset of his appointment, we find that the information contained therein is relevant insofar as it reflects the nature of the appellant's appointment at the time of its making, and it supports the conclusion that he was placed into a term position upon his return to federal service.  *See, e.g.*, *Hamilton v. Department of Defense*, 80 M.S.P.R. 636, ¶ 8 (1999) (an SF-50 may be considered as relevant evidence, but is not dispositive).

¶13        We note, moreover, that even if we were to accept OPM's argument that the appellant's service in a term position for more than 4 years without OPM's approval is ultra vires, we could not countenance the position advanced by OPM that his entire period of service is therefore void ab initio.[1]  RF, Tab 4 at 21.  Under OPM's regulations, "[t]he employment of a term employee ends automatically on the expiration of his term appointment unless he has been separated earlier . . . ."  5 C.F.R. § 316.303(b).  Under the terms of the settlement agreement, the appellant began serving in his term position effective January 12, 2005, and he would have served in that position through and including January 11, 2009.  At that time, the appellant would have had over 22 years of federal service and would have been 50 years old.  IAF, Tab 6 at 44.  To be

---

[1] In making this argument, OPM does not address what type of appointment the appellant held but only asserts that it should not be classified as a term appointment. RF, Tab 4 at 20-21.  If accepted, we believe OPM's argument would raise the possibility that the appellant's removal is an adverse action subject to the provisions of chapter 75.  We decline, however, to engage in such speculation, and we find no basis to accept OPM's argument that the appellant's service in a term position for more than 4 years transformed his appointment into something other than a term appointment.  *Cf. Mitchell*, 741 F.3d at 87.

entitled to a DSR annuity, he needed to have completed 20 years of service and have been 50 years old. 5 U.S.C. § 8414(b)(1)(A); *cf. Resnick v. Office of Personnel Management*, 120 M.S.P.R. 356, ¶ 7 (2013) (finding that an applicant for an annuity under CSRS pursuant to 5 U.S.C. § 8336(e) must meet both the length of service and age requirements at the time of his separation). Thus, even if we were to discount the final year of the appellant's service with the Department of the Interior, which we do not, we would still conclude that he was appointed to a term position, by the expiration of which he had qualified for a DSR annuity.

The Board's decision in *Parker* does not provide OPM with a basis to deny the appellant's application for an immediate DSR annuity.

¶14    In its petition for reconsideration, OPM also argues that the Board misinterpreted its prior decision in *Parker* by narrowing the scope of authority it previously extended to OPM to determine whether any separation date established by a settlement agreement to which OPM is not a party is an artifice designed to evade the statutory requirements for entitlement to an annuity. *See Parker*, 93 M.S.P.R. 529, ¶ 18; RF, Tab 4 at 25-26. As explained below, we reaffirm our prior decision distinguishing *Parker*, and, rather than narrowing *Parker*'s holding, we find that accepting OPM's application of *Parker* to the facts of this case would constitute a considerable expansion of that precedent, which we cannot endorse. *See Eller*, 121 M.S.P.R. 17, ¶¶ 8-9.

¶15    Prior to the Board's decision in *Parker*, the Board had held that, when an employee resigns pursuant to a settlement agreement, the date of resignation under the agreement is controlling for determining retirement entitlements. *See, e.g.*, *Jordan*, 77 M.S.P.R. at 614. In reaching this conclusion, the Board cited not only the policy considerations favoring the resolution of disputes through settlement but also the fact that a settlement entered into the record before the Board was equivalent to a final order and thus was entitled to the same effect as any other final Board order. *Id*. at 615, 617. In *Parker*, however, the Board

overruled *Jordan* insofar as it held that OPM is conclusively bound by the terms of a settlement agreement to which it was not a party. 93 M.S.P.R. 529, ¶ 18. Noting that factual admissions in a settlement agreement have been held not to be binding on a person who was not a party to the agreement and who did not have an opportunity to contest the alleged facts before the agreement was approved, *id*., ¶ 17 (citing *In re Warmus*, 276 B.R. 688, 691, 694-95 (S.D. Fla. 2002)), the Board held that OPM has the authority to determine whether any separation date established by the agreement is an artifice designed to evade the statutory requirements for entitlement to an annuity, *id*., ¶ 18. The Board further explained that OPM's authority to question a personnel action taken as a result of a settlement applies whether the statutory provisions at issue implicate filing deadlines or substantive criteria for entitlement to a retirement benefit. *Id*.

¶16    As we explained in our prior order, however, the factual circumstances leading to the Board's decision in *Parker* differ significantly from the facts of this case. *See Eller*, 121 M.S.P.R. 17, ¶¶ 8-9; *Parker*, 93 M.S.P.R. 529, ¶¶ 18, 20-21. In *Parker*, the appellant and the agency entered into a settlement agreement designed "*for no other purpose than to give the appearance that the appellant had the service necessary for him to receive a CSRS annuity*," 93 M.S.P.R. 529, ¶ 20 (emphasis added), and it is undisputed that the appellant in that case never served any portion of the time that the parties' settlement agreement stipulated he had served, *id*., ¶¶ 19-21. The Board found that OPM could look behind the stipulations within a settlement agreement in an effort to determine whether the agreement contained an artifice designed to evade the statutory requirements for an employee's entitlement to an annuity. *Id*., ¶¶ 17-18.

¶17    Nowhere in the Board's decision in *Parker*, however, was there a suggestion that this authority extends beyond reviewing factual admissions or stipulations contained in settlement agreements. *See id*., ¶ 17 (discussing admissions and stipulations of fact in settlement agreements). It is undisputed,

moreover, that the instant settlement agreement did not stipulate that the appellant served in a term position in which he did not serve but rather provided the appellant with the right to serve in a term position, in which he *actually served*.[2] *See* IAF, Tab 6 at 24-25. Accordingly, the motivating concern in *Parker*—that records could be revised or manipulated to reflect that something had occurred, which in reality had not—is not present in this case. Rather, the agreement at issue provided the appellant with the right to have something happen—his assignment to a term position for a period of years—which actually took place, and we again find no authority for OPM's position that it has the authority to look behind a federal employee's actual federal service to determine whether he has earned the right to receive a retirement annuity. *See Eller*, 121 M.S.P.R. 17, ¶ 9 & n.5.

¶18        Additionally, as suggested above, adopting OPM's proposed application of *Parker* would involve a substantial expansion of that decision. *Parker* was focused on a stipulation of fact in a settlement and OPM's ability to ensure that such a stipulation was not intended to create title to a right which would not otherwise exist. *See* 93 M.S.P.R. 529, ¶¶ 17-18. OPM's proposed subjective review of an applicant's actual federal service, and the motivation for such service, not only exceeds the scope of *Parker* but also runs counter to long-established Board precedent holding that OPM is constrained by law to follow the annuity computation formulas passed by Congress. *See Thompson v. Office of Personnel Management*, 81 M.S.P.R. 677, ¶ 6 (1999), *aff'd in part, vacated in part, and remanded*, 230 F.3d 1381 (Fed. Cir. 2000) (Table). We decline to read *Parker* beyond the facts presented in that case, and we reaffirm our prior finding that OPM may not reject an application for a DSR annuity either because it believes that the employee's federal service should not be counted

---

[2] *See infra* ¶¶ 25-27.

toward his DSR annuity eligibility or because it disagrees with the motivation for returning the employee to actual federal service. *See Eller*, 121 M.S.P.R. 17, ¶ 9 & n.5 (finding that the parties' intent for returning an employee to actual federal service does not vitiate the employee's objective satisfaction of the federal service longevity requirement for a DSR annuity).

OPM's Handbook does not compel a different result in this case.

¶19　Lastly, OPM contends that the Board overlooked the general principle contained within its Handbook that "[a] separation is not qualifying for a [DSR annuity] if the employee voluntarily leaves regular long-term (career) employment to accept a short-term appointment with full knowledge of its early termination," *see* Civil Service Retirement System and Federal Employees' Retirement System Handbook for Personnel and Payroll Offices (Handbook), § 44A2.1-8A, and that the Board also failed to consider an "exception to the exception" provision which provides that, if "short-term employment was arranged solely to create title to an annuity, the separation is not considered qualifying for [a DSR annuity]," *id*., § 44A2.1-8B. *See* RF, Tab 4 at 21-25. OPM further challenges the Board's assertion that the appellant was immediately placed in a term position following his removal under chapter 43 and that he actually served 5 full years in the term position. RF, Tab 4 at 19. As explained below, we MODIFY our prior Opinion and Order on this latter factual issue. Our modification, however, does not change our analysis.

¶20　At the outset, as we explained in our previous decision, we cannot agree with OPM that the appellant's original separation from employment with the Department of the Interior triggered the application of OPM's "general rule" that a separation from employment does not qualify an applicant for a DSR annuity when he voluntarily leaves regular long-term employment to accept a short-term appointment. *See Eller*, 121 M.S.P.R. 17, ¶ 11. The hallmark of a voluntary separation from employment is the employee's initiation of the action. *Id*. (citing *Miller v. Department of Homeland Security*, 111 M.S.P.R. 325, ¶ 10 (2009), *aff'd*,

361 F. App'x 134 (Fed. Cir. 2010)). The appellant's original separation from employment from the Department of the Interior, however, was taken pursuant to chapter 43 of Title 5, a performance-based action which OPM itself considers to be involuntary for the purposes of a DSR annuity. *See Eller*, [121 M.S.P.R. 17](#), ¶ 13; Handbook, § 44A1.1-2A. Thus, this case is dissimilar from those envisioned by the rule established in OPM's Handbook where an employee voluntarily leaves long-term employment and accepts a short-term position. For these same reasons, OPM's argument that the appellant was voluntarily converted from a career position to a term position pursuant to the settlement agreement is also unpersuasive. *See* PFR File, Tab 3 at 18-19. Although the appellant's conversion to a term appointment was the result of the settlement agreement, the impetus for that agreement was the agency's performance-based action under chapter 43. Here, where the appellant did not initiate his conversion to a term position, we find OPM's general rule inapplicable. *See Eller*, [121 M.S.P.R. 17](#), ¶ 13.

¶21     We also find OPM's argument that the appellant had a break in service between his career and term appointments unavailing. *See* PFR File, Tab 3 at 19. Pursuant to OPM's Handbook, a separation is qualifying for DSR purposes if, among other requirements, the employee moved to a time-limited appointment without a break in service exceeding 3 days. Handbook, § 44A2.1-8B. In her request for reconsideration, the Director argues that more than 3 days elapsed between the appellant's original removal from service with the Department of the Interior and the effective date of the settlement agreement rescinding his removal and converting him to a term appointment. *Id*. (citing Handbook, § 44A2.1-8B). Under the terms of the settlement agreement, however, the appellant was restored to employment without a break in service. IAF, Tab 6 at 24. In the absence of an actual break in service, we find that the manner in which the appellant was returned to duty does not invalidate his actual federal service, the vast majority of which he actually served. *See Eller*, [121 M.S.P.R. 17](#), ¶ 9 & n.5. Moreover,

because we find that OPM's Handbook is entitled to little deference in this case, *see infra* ¶ 23, we also are unpersuaded that OPM's 3-day break in service rule should preclude the entirety of the appellant's service in his term position from being counted toward his DSR annuity eligibility.

¶22    We further find this case dissimilar from those in which the Board has held that an employee's resignation or retirement is deemed voluntary when effected pursuant to the terms of a settlement agreement and precludes the appellant from relitigating whether his separation was voluntary for the purposes of an appeal under chapter 75 or a retirement annuity. *See, e.g.*, *Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶¶ 11-12 (2008). Here, the Department of the Interior agreed to cancel the appellant's original involuntary removal under chapter 43 and to assign him to a term appointment. IAF, Tab 6 at 24. We thus find no support for OPM's argument that the appellant voluntarily initiated his departure from a career position with the Department of the Interior in order to accept a term position by voluntarily entering into a settlement with the Department of the Interior. *See Eller*, 121 M.S.P.R. 17, ¶¶ 11-12.

¶23    As the appellant argues in response to OPM's petition, moreover, the OPM Handbook's "general rule" that a separation is not qualifying for a DSR annuity if the employee voluntarily leaves long-term employment to accept a short-term appointment with full knowledge of its early termination has been strongly criticized by the Federal Circuit, and we accord little deference to its application to the facts of this case. *See Eldredge*, 451 F.3d at 1341-43 ("[n]either [OPM's] advisory opinion nor the Handbook cites any authority for the proposed awareness interpretation of 'involuntary separation'" under 5 U.S.C. § 8414(b)(1)(A), which is contained in Handbook § 44A2.1-8A); *see also Warren v. Department of Transportation*, 116 M.S.P.R. 554, ¶ 7 n.2 (2011) (OPM's Handbook is only entitled to deference in proportion to its "power to persuade"), *aff'd*, 493 F. App'x 105 (Fed. Cir. 2013). Upon reading OPM's general rule, and its exceptions, we believe OPM's rule is designed to discourage an employee

who, because of some desire to secure a term position, chooses to leave career employment in order to be eligible for a term appointment and then applies for a DSR annuity upon the expiration of that appointment. Under these circumstances, OPM's rule would appear to prohibit the employee from being eligible for a DSR annuity.[3] *See* Handbook, § 44A2.1-8A. Those facts, however, are not the facts of this case.

¶24      Next, we find OPM's argument that the Board overlooked the "exception to the exception" clause, unavailing. *See* RF, Tab 4 at 12, 18-19; Handbook, § 44A.2.1-8B ("[I]f the short-term employment was arranged solely to create title to an annuity, the separation is not considered qualifying for discontinued service retirement."). Although not specifically addressed in our prior decision, we find that this provision of OPM's Handbook essentially incorporates the rule which OPM petitions us to endorse in our decision in this matter. For the reasons discussed here, and in our prior decision, we decline to recognize that either OPM, or the Board, should undertake a merits-based review of why an agency may have appointed an employee to a term position after the employee serves in that position and objectively qualifies for a DSR annuity under 5 U.S.C. § 8414(b)(1)(A). *See Eller*, 121 M.S.P.R. 17, ¶ 9 & n.5.

¶25      Upon consideration of OPM's petition for reconsideration, however, we acknowledge that, although we stated in our prior decision that the appellant's service in his term position immediately followed his separation from employment under chapter 43, *see Eller*, 121 M.S.P.R. 17, ¶¶ 2, 13, OPM is correct that the settlement agreement, which was signed in June 2005, retroactively placed the appellant in his term position effective January 11, 2005,

---

[3] We express no further opinion whether this interpretation of OPM's general rule, if correct, would be entitled to any degree of deference or whether such an applicant would be entitled to a DSR annuity under such facts.

*see* RF, Tab 4 at 18-19; IAF, Tab 6 at 24-25, 32-36. As explained below, we find that this clarification does not change the outcome of this matter.

¶26     First, under the facts of this case, where the appellant actually served almost the entire duration of his term position, we cannot conclude that the appellant's entitlement to a DSR annuity is called into question. The difference between the facts of this case and *Parker* reinforces our finding. Here, the appellant and the Department of the Interior entered into a settlement which returned the appellant to actual employment with the agency for over 4 and a half years, at the end of which the appellant objectively satisfied the statutory criteria for a DSR annuity. *Eller*, 121 M.S.P.R. 17, ¶ 3. In doing so, we recognize that 5 months of the appellant's term position were not actually served, and that this quantum of federal service only exists on paper. By contrast, however, the parties in *Parker* entered into a settlement agreement stipulating that the appellant was appointed to a civilian position for no other purpose than to give the appearance that he had the civilian service necessary for him to receive a CSRS annuity. 93 M.S.P.R. 529, ¶ 20. Thus, we believe that the totality of the settlement in this case was not an artifice designed to evade the statutory requirements of a DSR annuity akin to the agreement in *Parker*.

¶27     Second, in making this finding, we do not endeavor to decide how much time an employee must actually serve in a term position in order to qualify for a DSR annuity under similar facts. *See Eller*, 121 M.S.P.R. 17, ¶¶ 8-9; *Parker*, 93 M.S.P.R. 529, ¶¶ 18, 20-21. We only decide that, under these facts, where the appellant actually served over 4 and a half years in the term position, he is entitled to receive the DSR annuity which he was originally denied. Even if the brief period of time the appellant did not actually serve in the term appointment was deducted from his overall length of service, *cf. Parker*, 93 M.S.P.R. 529, ¶¶ 20-21, he would still objectively qualify for a DSR annuity under 5 U.S.C. § 8414(b)(1)(A) based on his length of service and age at the time of the expiration of his appointment in February 2010, *see* IAF, Tab 6 at 44. We

find, however, that our factual clarification does not compel a different result in this case, and we accordingly MODIFY our prior decision to reflect that the appellant actually served in the term position for almost the entire period of time he was placed therein.[4] *See Eller*, 121 M.S.P.R. 17, ¶¶ 3, 13.

¶28        Finally, we have considered OPM's policy arguments that the Board's decision, if allowed to stand, would not only incentivize agencies to use similar settlement agreements in the future, but also would give "a pass [to employees whose performance is judged unacceptable] on having to meet the criteria for entitlement to an annuity under CSRS or FERS." RF, Tab 4 at 30. We respectfully disagree with the pernicious effects OPM believes our prior decision will bear. At bottom, we believe OPM's focus on the reasoning behind an agency's decision to reemploy an employee or to enter into a settlement agreement providing for a specific type of employment arrangement is misplaced in the retirement annuity arena. As the Board originally recognized in *Jordan*, the settlement of disputes brought before the Board promotes both public and explicit congressional policy, and we believe that OPM's position in this matter, if adopted, could cause agencies and employees to avoid settlements which return employees to duty for fear that years later OPM might deny an employee's application for retirement benefits because OPM believes that the employee should not have been returned to federal service.[5] *See Jordan*, 77 M.S.P.R.

---

[4] This issue was not raised until the Director filed her petition for reconsideration, *see* RF, Tab 4 at 19, and we had no occasion to specifically examine the period of time between the appellant's removal and the effective date of the settlement agreement returning him to duty in our prior decision, *see generally*, Petition for Review File, Tab 1.

[5] Such a scenario, moreover, could lead an employee to file a petition for enforcement with the Board on the theory that he has not received the full benefit of the agreement into which he entered, thus leading to the possibility of additional Board proceedings. *See, e.g.*, *Vance v. Department of the Interior*, 114 M.S.P.R. 679, ¶ 16 (2010) (outlining the possibilities if there is a material breach of a settlement agreement, including reinstating the appeal).

at 615-16. OPM, moreover, provides no guidance as to how it would proceed to implement its suggested authority to retroactively evaluate the substance of an employee's federal service for the purpose of determining an applicant's eligibility to receive a DSR annuity, and we believe OPM's current processes and protocols are ill-designed to handle such adjudication. *See Eller*, 121 M.S.P.R. 17, ¶ 9 & n.4 (citing and discussing *Nebblett v. Office of Personnel Management*, 237 F.3d 1353, 1358 (Fed. Cir. 2001), in which the Federal Circuit agreed with OPM that OPM does not have the protocols in place to determine whether an employee's retirement was coerced by unlawful agency action and thus was involuntary for the purposes of a DSR annuity under the CSRS).

¶29     We similarly believe that our prior decision does not reward employees whose performance has been found unacceptable under chapter 43. As we have explained, under the facts of this case, where the appellant actually served in a position of employment with the agency and otherwise objectively satisfies the statutory criteria for receiving a DSR annuity, the employee, by statute, has earned an entitlement to a DSR annuity. *Eller*, 121 M.S.P.R. 17, ¶ 9 n.5; *see* 5 U.S.C. § 8414(b)(1)(A). Although OPM may disagree with an agency's decision to reemploy a specific employee, the agency as an employer is vested with the authority to make that decision, and OPM should not collaterally undermine that decision through its administration of the federal employee retirement system.

<u>ORDER</u>

¶30     The Board's prior decision finding the appellant is entitled to receive a DSR annuity under 5 U.S.C. § 8414(b)(1)(A) is accordingly AFFIRMED AS MODIFIED. This, combined with our prior decision, *Eller v. Office of Personnel Management*, 121 M.S.P.R. 17 (2014), constitutes the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

### NOTICE TO THE APPELLANT
### REGARDING YOUR RIGHT TO REQUEST
### ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (U.S.C.), sections 7701(g), 1221(g), 1214(g) or 3330c(b); or 38 U.S.C. § 4324(c)(4). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United

States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.